[Crim. No. 3972. In Bank.—June 19, 1936.]

THE PEOPLE, Respondent, v. BILL SAM, Appellant.

Frank G. Warren for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, J., *pro tem.*—An information was filed against this defendant charging him with murder. Upon arraignment he appeared without counsel. Thereafter counsel was appointed, and the arraignment for plea was, upon request, continued one week. Upon the day so fixed, defendant appeared with his counsel and entered a plea of guilty. The court thereafter fixed the time upon which judgment would be pronounced, and on that day and prior to the passing of sentence, witnesses were sworn and evidence introduced in order that the court might determine the degree of the crime. At the conclusion of the hearing, at which nine witnesses were called to testify, including the defendant, the court found the degree of the crime to be murder of the first degree and fixed the penalty at death.

The matter now comes automatically before this court on appeal under the provisions of section 1239 of the Penal Code. We have read the record and it appears that defendant, an American-born Chinese, had, some seven or eight years prior to the tragedy, married Violet Sam, a Chinese girl, and they became the parents of a boy, who was at the time of the trial about six years old.

A few months prior to the homicide Violet Sam had obtained an interlocutory decree of divorce and was supporting herself by working in a restaurant in Stockton. Defendant, prompted by jealousy, went to the cafe where the wife was employed and there shot her to death.

Some six days prior to the murder defendant wrote a letter to his son in which he foreshadowed the death of his wife, and other letters to friends bidding them farewell and asking them for their forgiveness.

Upon this appeal appellant now claims the court unduly restricted him in his attempt to show by certain witnesses his early life and the sordid conditions under which his youth was spent and the effect it had upon his mind and point of view. Counsel contends he should have been permitted by the court to present evidence of this early experience, together with the excessive use by appellant of narcotics, and the fact appellant believed his wife to be consorting with a white man, which drove him temporarily insane, and that under the circumstances appellant should not suffer the death penalty imposed upon him.

In spite of the sustaining of objections to certain questions asked of witnesses for the defendant, the early life and experience of appellant does appear in evidence, and the trial court had before it all of the facts in the life of defendant, the alleged immoral conduct of his mother, his use of drugs, the affection he had for his son, and practically everything that counsel for defendant had attempted to present to the court.

The evidence clearly and conclusively establishes that the murder was a wilful, deliberate and premeditated killing, and justified the court in finding the same to be murder of the first degree and fixing the penalty as it did.

The judgment is affirmed.

Waste, C. J., Curtis, J., Langdon, J., Shenk, J., and Seawell., J., concurred.